THIRD DEPARTMENT, JANUARY, 1934.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCHLUTER & COMPANY, INC., Relator, v. THOMAS M. LYNCH and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.*

Determination modified by restating the tax at $14,559.65, and as so modified confirmed, with fifty dollars costs and disbursements to the relator, on the authority of *People ex rel. Ducas Co., Inc., v. State Tax Commission* (260 N. Y. 525); *People ex rel. Eitingon Schild Co., Inc.* v. *Lynch* (Id. 526). Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents, with a memorandum.

RHODES, J. (dissenting). I think the determination should be confirmed. The parties have stipulated that " In the revision of the franchise tax there was no change made in the segregation of assets contained in the report. However, as income was derived from bank accounts, bills and accounts receivable for advances or loans, also interest from bonds, the segregation of assets of all of the property of the company was used in the computation of the tax, giving total wherever located of $2,281,517 and within the State of New York of $1,001,816 or a percentage of 43.91008." The case of *People ex rel. Alpha P. C. Co.* v. *Knapp* (230 N. Y. 48) annulled an assessment because in computing the tax on a corporation income from bonds had been added to its gross income but the value of the bonds had not been added to its gross assets in computing the segregation of assets allocated to the State of New York or elsewhere. That decision related to a tax assessed against the corporation for the year 1918. The decision was handed down in November, 1920. Thereafter, by chapter 479 of the Laws of 1927, section 209 of the Tax Law was amended by adding thereto the following: " However, in determining the entire net income, for purposes of equitable taxation under this article of the tax law, the tax commission may include income from any source, provided only that the assets from which the income arose shall be included in any segregation for the purpose of computing the tax." This, therefore, took effect March 31, 1927, and was in force and governed the assessment in the proceeding now before us. It thus appears that by the provisions of section 209 the Commission was authorized to include all income from whatever source provided it included in its segregation and allocation assets from which such income was derived. By the stipulation it appears that the Commission, in making the segregation and allocation, has made no change from the figures contained in the report. It has made its segregation and allocation upon the amount of those assets, and, therefore, has not used some extra legal or vague and indefinite method laid down and derived by the statute. I do not think, therefore, the determination comes within the condemnation of *People ex rel. Ducas Co.* v. *State Tax Commission*

* Affd., 264 N. Y. 680.

(260 N. Y. 525). For the reasons stated, it seems to me the determination is proper and should be confirmed.